UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRES ALBATROSS, LLC, | CASE NO. 2:25-cv-00873-JHC |
| Plaintiff, | ORDER |
| v. | |
| OHIO SECURITY INSURANCE COMPANY, | |
| Defendant. | |

**I**
**INTRODUCTION**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. Dkt. # 14. The Court has considered the materials filed in support of and in opposition to the Motion, pertinent portions of the record, and the applicable law. Being fully advised, the Court GRANTS in part and DENIES in part the Motion.

**II**
**BACKGROUND**

This suit arises out of an insurance dispute between Plaintiff Tres Albatross, the insured, and Defendant Ohio Security Insurance Company (OSIC), the insurer. According to the First Amended Complaint (FAC), Plaintiff is a limited liability company that operates a restaurant in

ORDER - 1

Seattle known as Wasabi Bistro.  Dkt. # 8 at 1.  Due to "heavy snow accumulation on the roof of Wasabi Bistro" in late December 2021, "water began to leak in significant quantities into the Wasabi Bistro" as the snow melted.  *Id.* at 2–3.  The "water intrusion caused significant damage in the restaurant[,]" including "damage to the ceiling, the wall, electronics, equipment, carpeting, and furniture."  *Id.* at 3.  Plaintiff alleges that it suffered this "major loss on or around January 7, 2022."  *Id.* at 2.

It is undisputed that at some point before this incident, Defendant issued Plaintiff an insurance policy (the Policy), which provided Wasabi Bistro with certain forms of liability coverage at the time this loss occurred.  *Id.*; *see also* Dkt. # 14 at 6.  It is also undisputed that on May 16, 2022, Plaintiff "notified its insurance agent of the loss."  *See* Dkt. ## 8 at 3; 14 at 6.  The parties also agree that on or after that date,[1] Plaintiff filed insurance claims with Defendant under the Policy.  *See id.*

The FAC alleges that between December 2023 and February 2024, "Plaintiff sent monthly emails . . . asking for OSIC to please respond with updates on the claim because months had passed since the claim had been made with no decision on coverage."  Dkt. # 8 at 4.  It also alleges that on June 5, 2024, "Plaintiff participated in an Examination Under Oath (EUO)" and "agreed to provide additional documentation" to Defendant.  *Id.*  The FAC states that "Plaintiff provided additional documents to OSIC but despite reasonable efforts could not locate all requested documents."  *Id.*  Accordingly, "Plaintiff provided a sworn Declaration to OSIC on March 14, 2025, confirming that a diligent search had been completed for [the] requested documents."  *Id.*

---

[1] It is unclear from the FAC whether Plaintiff's filing of "claims with their insurance company [ ] after the roof was repaired" coincided with Plaintiff "notif[ying] its insurance agent of the loss" or if these were two separate events.  *See* Dkt. # 8 at 3.

1    During this same period, Plaintiff also sent notice to Defendant of its intent to file an

2    IFCA claim.  *See* Dkt. # 8 at 12.  Such notice appears to have been sent on December 2, 2024.

3    *See* Dkt. ## 14 at 12; 16 at 2; *see also* Dkt. # 14-1.  OSIC then "sent correspondence" to Plaintiff

4    on December 23, 2024, "indicating its preliminary decision . . . that it was going to deny

5    coverage." Dkt. # 8 at 5.  The correspondence also "indicated" that OSIC's "'Final Coverage

6    Determination' would be forthcoming." *Id.*  Plaintiff contends that following this

7    correspondence, it never received a final coverage determination.  *See id.* at 6.  It also contends

8    that it never received a response from Defendant regarding its March 14 Declaration, a request

9    from Defendant to provide sworn proof of loss documentation, nor a copy of a proof of loss form

10    from Defendant.  *See id.* at 4–5.  Defendant does not contest any of these allegations.  *See*

11    *generally* Dkt. ## 14; 17.

12        On April 7, 2025, Plaintiff filed this action in Washington state court.  *See* Dkt. # 1-2.  In

13    May, Defendant removed the case to federal court, and then moved to dismiss Plaintiff's

14    complaint for failure to state a claim.  *See* Dkt. ## 1; 7.  On June 4, 2025, Plaintiff amended its

15    complaint, thereby replacing its initial complaint with the FAC (Dkt. # 8) and mooting

16    Defendant's initial motion to dismiss (Dkt. # 7).[2]  Plaintiff asserts six claims against Defendant

17    in the FAC: (1) Declaratory Judgment; (2) Breach of Contract; (3) Violation of Duty of Good

18    Faith; (4) Negligent Claims Handling; (5) Consumer Protection Act (CPA), RCW 19.86.090; and

19    (6) Insurance Fair Conduct Act (IFCA), RCW 48.30.015.  Dkt. # 8 at 9–13.  Plaintiff also

20    requests declaratory relief, regular and enhanced damages, and an award of costs, disbursements,

21    and attorney fees.  *Id.* at 13.  Defendant now moves to dismiss the FAC in part.  *See* Dkt. # 14.

22

23    [2] On June 6, 2025, Plaintiff also filed a response to Defendant's initial motion to dismiss (Dkt. #
      7), despite having already filed the FAC.  *See* Dkt. # 9.  Defendant's motion (Dkt. # 7) and the associated
24    briefings were later stricken by the Court as moot based on the amended complaint being filed.  *See*
      *generally* Dkt.

ORDER - 3

1

2

### III
### DISCUSSION

Defendant moves to dismiss three claims in the FAC under Federal Rule of Civil

Procedure 12(b)(6): Claim 1 (Declaratory Judgment), Claim 2 (Breach of Contract), and Claim 6

(IFCA).[3]  For the reasons below, the Court grants Defendant's Motion as to Claims 1 and 2, but

denies Defendant's Motion as to Claim 6.

A.    Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a

claim.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also*

Fed. R. Civ. P. 8(a) (a complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief").  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"When evaluating a Rule 12(b)(6) motion, the district court must accept all material

allegations in the complaint as true, and construe them in the light most favorable to the non-

moving party."  *Chubb Custom Ins. Co. v. Space Sys./Loral*, Inc., 710 F.3d 946, 956 (9th Cir.

2013).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at

555).  If a claim lacks a "cognizable legal theory" or "sufficient facts alleged to support a

---

[3] As Defendant does not move to dismiss Plaintiff's other three claims—Claim 3 (Violation of Duty of Good Faith), Claim 4 (Negligent Claims Handling), and Claim 5 (CPA)—the Court does not address them below.

cognizable legal theory[,]" the court must dismiss it for failure to state a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In ruling on a motion to dismiss, courts typically limit their review to the face of the complaint.  But in some cases, a court may consider certain materials beyond the complaint— such as "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim[,]" such as "when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan."  *Id*.  In such a case, "the district court may treat [the document] as part of the complaint," even if it is offered by the defendant.  *Id*.  It also "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Id*

B.    Plaintiff's Declaratory Judgment and Breach of Contract Claims (Claims 1 and 2)

Defendant contends that Plaintiff's Breach of Contract claim must be dismissed as untimely because this suit was brought in April 2025, but the Policy required Plaintiff to bring this claim "within two years after the inception of the loss."  Dkt. # 14 at 9.  Defendant contends that Plaintiff's Declaratory Judgment claim likewise fails, as it is premised exclusively on Plaintiff's time-barred Breach of Contract claim.  *Id*. at 10.  For the reasons below, the Court agrees with Defendant and thus dismisses Claims 1 and 2 as untimely.

ORDER - 5

1

2

3

4

5

6

7

8

9

10

11

12

      It is undisputed that the Policy[4] contains a two-year limitation clause on lawsuits under the contract.  *See* Dkt. # 14; 16.  In the section titled "Legal Action Against Us," the Policy states:

> No one may bring a legal action against us under [the Commercial Property] Coverage Part unless:
>> a.      There has been full compliance with all of the terms of this Coverage Part; and
>> b.      The action is brought within two years after the date on which the direct physical loss or damage occurred.

Dkt. #1-5 at 139.  Plaintiff does not dispute that they are subject to this limitation, nor do they argue that such a limitation is invalid.  *See generally* Dkt. # 16.[5]  A two-year limitation period also appears to comply with Washington state law.[6]  The Court thus finds no reason to decline to give effect to the Policy's two-year limitation clause.

13

14

15

16

17

18

19

20

21

22

23

24

---

    [4] Because the FAC refers extensively to the Policy, Claims 1 and 2 are rooted in the Policy, and Plaintiff does not contest that the document at Dkt. # 1-5 is a true and correct copy of the Policy, the Court finds that the document at Dkt. # 1-5 is incorporated by reference into Plaintiff's complaint.  The Court thus treats this document as part of the FAC for the purposes of resolving Defendant's Motion.  *See Ritchie*, 342 F.3d at 908.

    [5] Although Plaintiff's Response includes the argument heading "The two-year limitation period does not preclude [Plaintiff's] legal right to recover benefits[,]" the actual body of the argument is entirely focused on Plaintiff's right to bring "extracontractual claims," not contractual claims, against Defendant.  *See* Dkt. # 16 at 4–5.  But Defendant did not move to dismiss Plaintiff's "extracontractual claims," i.e., the Violation of Duty of Good Faith, Negligent Claims Handling, CPA, and IFCA claims, as untimely.  *See generally* Dkt. # 14.  The Court thus finds this section of Plaintiff's brief unresponsive to Defendant's Motion.  Plaintiff's cited case is also unresponsive, and in fact, appears to support dismissal of Plaintiff's Breach of Contract claim.  *See W. Beach Condo. v. Commonwealth Ins. Co. of Am.*, 11 Wash. App. 2d 791, 804, 455 P.3d 1193 (2020) (concluding that the trial court erred in dismissing the plaintiff's extracontractual claims based on the insurance policies' suit limitation clause but leaving the trial court's dismissal of the plaintiff's breach of contract claim under such clause undisturbed).

    [6] *See* RCW 48.18.200(1)(c) (stating that provisions in a property insurance contract are void if they limit the insured's right of action against the insurer "to a period of less than one year from the date of the loss"); *see also Ashburn v. Safeco Ins. Co.*, 42 Wash. App. 692, 697, 713 P.2d 742 (1986) (holding that RCW 48.18.200 "impliedly authorizes (but does not require) [a 1-year limitation] period"; *Simms v. Allstate Ins. Co.*, 27 Wash. App. 872, 874, 621 P.2d 155 (1980) (upholding a 1-year limitation period in an insurance contract, with the limitation period beginning to run on the date that the loss occurred); *Wothers v. Farmers Ins. Co. of Washington*, 101 Wash. App. 75, 80, 5 P.3d 719 (2000) (affirming summary judgment for insurer where insured party "failed to bring suit within the one year period fixed by the policy").

1        Applying this clause, the Court concludes that Plaintiff's Breach of Contract and

2 Declaratory Judgment claims are time-barred. The FAC alleges that Plaintiff's loss occurred "on

3 or around January 7, 2022." Dkt. # 8 at 2. To fall within the two-year limitation period, then,

4 Plaintiff needed to bring any legal action under the Policy's Coverage Part on or before January

5 7, 2024. But Plaintiff did not file this case until April 7, 2025. *See* Dkt. # 1-2. As Plaintiff

6 initiated this action more than three years "after the date on which the direct physical loss or

7 damage occurred[,]" any of Plaintiff's claims that are based on the Policy's Coverage Part are

8 untimely. As Plaintiff's Breach of Contract and Declaratory Judgment claims constitute claims

9 under the Coverage Part,[7] such claims are time-barred under the Policy.

10        Although Plaintiff contends in its Response that they have validly asserted *other* claims,

11 *see* Dkt. # 16 at 5, Plaintiff does not actually argue that its Breach of Contract and Declaratory

12 Judgment claims are not based on the Policy's Coverage Part or are otherwise excluded from the

13 Policy's two-year limitation clause. *See generally id.* Accordingly, the Court determines that

14

15

16

17

18

---

19      [7] The text of the FAC confirms that Plaintiff's Breach of Contract and Declaratory Judgment claims are being brought under the Policy's Coverage Part. Under Claims 1 and 2, the FAC states:

20 - "Plaintiff is entitled to full compliance with the policy."
- "Plaintiff is entitled to coverage and every benefit available to plaintiff under the policy."
- "Plaintiff seeks judgment with respect to all coverages and benefits that apply to the facts of this case, including benefits for multiple losses."

21 - "Defendant breached its obligations under the policy as alleged throughout this Complaint."
- "Plaintiff seeks a judgment: declaring that plaintiff is entitled to every coverage to which

22        plaintiff is entitled under the policy, including benefits for multiple losses to the extent such multiple losses occurred; declaring the benefits to which plaintiff is entitled; and declaring

23        that defendant is estopped from asserting any time limitation in the insurance policy as a defense to coverage due to defendant's bad faith."

24 Dkt. # 8 at 9–10.

ORDER - 7

Claims 1 and 2 are time-barred by the Policy.[8]  It thus dismisses these claims with prejudice[9] for failure to state a claim under Rule 12(b)(6).

C.    Plaintiff's IFCA Claim (Claim 6)

Defendant contends that Plaintiff's IFCA claim should be dismissed because Plaintiff "fails to state facts showing any 'unreasonable' denial of benefits."  Dkt. # 14 at 11. Specifically, Defendant argues that Plaintiff has not pleaded an "unreasonable denial" because Plaintiff did not comply with IFCA's 20-day notice requirement.  *See id*. at 12.  For the reasons below, the Court disagrees with Defendant and thus declines to dismiss Claim 6.

IFCA provides insured parties with a cause of action against their insurer.  *See* RCW 48.30.015.  To state claim under IFCA, "[t]he insured must show that the insurer unreasonably denied a claim for coverage or that the insurer unreasonably denied payment of benefits. If either or both acts are established, a claim exists under IFCA."  *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wash. App. 52, 79, 322 P.3d 6 (2014).  Whether an insurer has acted "reasonably . . . is a question of fact for the jury."  *Reverse Now VII, LLC v. Oregon Mut. Ins. Co.*, 2018 WL 646880, at *4 (W.D. Wash. Jan. 30, 2018).  Accordingly, courts regularly decline to resolve IFCA claims on a motion to dismiss or a motion for summary judgment.  *See, e.g.*, *id.* (denying the defendant's motion for summary judgment on the plaintiff's IFCA claim); *Williams v. Foremost Ins. Co. Grand Rapids Michigan*, 2018 WL 1907523, at *4 (W.D. Wash. Apr. 23, 2018) (same); *Jin v. GEICO Advantage Ins. Co.*, 700 F. Supp. 3d 988, 993 (W.D. Wash. 2023) (same).

---

[8] The Court also notes that a declaratory judgment is a remedy, not a claim.  *See City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022).  Thus, to the extent that Plaintiff is advancing a "claim" for a declaratory judgment divorced from an independent cause of action, such a claim must also be dismissed for failure to state a claim under Rule 12(b)(6).

[9] The Court finds dismissal with prejudice warranted, as Plaintiff has already amended the complaint, Plaintiff did not request leave to amend, and the Court finds that any amendment on these claims would be futile given the text of the Policy's two-year limitation clause.

IFCA also requires an insured party to provide the insurer with written notice of its intent to file an IFCA claim before filing the action.  *See* RCW 48.30.015(8)(a) ("Twenty days prior to filing an action based on this section, a first party claimant must provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner.").  Once such notice is received, the insurer then has 20 days to resolve the basis for the action.  "If the insurer fails to resolve the basis for the action within the twenty-day period after the written notice by the first party claimant, the first party claimant may bring the action without any further notice."  RCW 48.30.015(8)(b); *see also* RCW 48.30.015(8)(c) ("The first party claimant may bring an action after the required [20-day] period of time . . . has elapsed.").  Aside from these three requirements—that the notice (1) be written, (2) state the basis for the cause of action, and (3) be provided to the insurer and office of the insurance commissioner by regular mail, registered mail, or certified mail with return receipt requested—the statute provides no other requirements that an insured party must comply with before filing an action under IFCA.  *See generally* RCW 48.30.015.

Plaintiff alleges, and Defendant does not contest, that Plaintiff submitted an IFCA notice to the Office of the Insurance Commissioner on December 2, 2024.  *See* Dkt. ## 8 at 12; 16 at 12; 14 at 12.[10]  The December 2024 IFCA notice appears to have been written and delivered to the proper parties in accordance with RCW 48.30.015.  *See* Dkt. # 14-1.  It also states the basis for Plaintiff's IFCA cause of action: Defendant's unreasonable denial of the valuable benefits that Plaintiff is owed under its policy, including "the monetary benefits, the benefit of a full and

---

[10] Because the FAC refers to the IFCA notice, Claim 6 is based in part on the contents of the IFCA notice, and Plaintiff does not contest that the document at Dkt. # 14-1 is a true and correct copy of Plaintiff's December 2024 IFCA notice, the Court finds that the document at Dkt. # 14-1 is incorporated by reference into Plaintiff's complaint.  The Court will thus treat this document as part of the FAC for the purposes of evaluating Defendant's Motion.  *See Ritchie*, 342 F.3d at 908.

1  fair investigation, and the benefit of full and fair communication regarding the claim." *Id*. at 4.

2  Plaintiff also alleges, and Defendant does not contest, that "the basis" for Plaintiff's cause of

3  action was not resolved within the next twenty days (nor during the next four months).  The

4  Court also finds that the "basis" for the IFCA cause of action did not change between December

5  2024 and April 2025.  Based on the text of the statute, then, the Court finds no reason to

6  conclude that Plaintiff's December 2024 IFCA notice was insufficient to comply with the

7  statutory notice requirements.

8       Rather than challenging Claim 6 based on IFCA's statutory requirements, Defendant

9  argues that Plaintiff's claim must fail because Plaintiff did not confirm that it would not be

10  providing Defendant with additional documents and information until March 14, 2025—more

11  than three months after the December 2024 IFCA notice was submitted.  Dkt. # 14 at 13.  But

12  while the Court acknowledges Defendant's timeline, it does not agree that this timeline is fatal to

13  Plaintiff's IFCA claim.  First, the Court finds nothing in the text of RCW 48.30.015 that

14  indicates that a party must supply all requested information (or confirm that no such information

15  exists) before filing an IFCA claim.  *See generally* RCW 48.30.015.  Defendant also cites no

16  case, nor is the Court aware of any, that would support its contention that "[a] plaintiff cannot

17  pursue an IFCA claim against an insurer when the plaintiff admittedly had failed to provide or

18  confirm that it had provided all the information the insurer requested at the time the IFCA notice

19  was sent."  *See* Dkt. # 14 at 13.  Finally, even if IFCA did require such a confirmation, Plaintiff

20  filed this action on April 7, 2025—22 days after it told Defendant it would not be providing more

21  information.  As RCW 48.30.015(8) explicitly provides that "the first party claimant may bring

22  the action *without* any further notice" (emphasis added), so long as 20 days have elapsed and the

23  cause of action has not been resolved, the Court finds that Plaintiff's alleged conduct accords

24  with IFCA's notice requirements.

ORDER - 10

The Court also concludes that the timing of Plaintiff's March 14 Declaration does not require the Court to find that Plaintiff has failed to plausibly allege an IFCA violation. Although the Court notes that Plaintiff's failure to supply all requested information or confirm that it would not be providing more information no doubt strengthens Defendant's argument that it acted reasonably in denying Plaintiff coverage, the reasonableness of Defendant's actions is not currently before the Court. *See Reverse Now*, 2018 WL 646880, at *4 (whether an insurer acted reasonably "is a question of fact for the jury"). Instead, the question currently before the Court is whether the FAC's allegations, when viewed in the light most favorable to Plaintiff, suffice to allow a reasonable juror to conclude that Defendant unreasonably denied Plaintiff coverage or payment of benefits under the Policy. As the Court concludes that the FAC meets this standard, it must deny Defendant's request to dismiss Claim 6 for failure to state a claim under Rule 12(b)(6).[11]

## IV
### CONCLUSION

For these reasons, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss (Dkt. # 14). Claims 1 and 2 in the FAC are dismissed with prejudice. All other claims in the FAC, including Claim 6, remain intact.

Dated this 23rd day of December, 2025.

John H. Chun
United States District Judge

---

[11] The Court also declines to address the parties' "sworn proof of loss" arguments, *see* Dkt. ## 14 at 13; 16 at 7–8, as these arguments speak more to the reasonableness of Defendant's conduct, not to the issue of whether the FAC plausibly alleges an IFCA violation.